*Assocs., Inc. v. Moore McCormack Petroleum, Inc.*, 734 S.W.2d 653, 655 (Tex. 1987) (explaining the canon's meaning: "the naming of one thing excludes another").

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/13/2015 12:16:02 PM
CHRISTOPHER A. PRINE
Clerk

The written agreement addresses expenses by providing for one and only one category of expenses to fall purely on Appellant. It provides for "the Fleming firm's payment of the costs of echocardiograms." But it does not mention any litigation expenses other than the echo charges. Nor does any contract language excuse the Kirklins from paying expenses other than the named echo charges that Appellant agreed to pay. The only reasonable conclusion is that the echo costs and no others would fall exclusively on Appellant.

The *expressio unius* rule has been applied to contracts that address expenses. In *Gunderson v. Wells Fargo Bank*, No. 02-09-171-CV, 2010 WL 2636162 (Tex. App.—Fort Worth July 1, 2010, no pet.), the contract allowed for a certain manner of collection of attorney's fees incurred in certain legal actions: "Any fees or expenses (including attorney's fees and expenses) the Bank incurs in responding to any such legal process may be charged against any account you maintain with the Bank." *Id.* at *5. The court of appeals applied the *expressio unius* rule:

> By its terms, the agreement covers only one manner by which Wells Fargo is entitled to collect attorney's fees for responding to the legal process it was faced with—the tax levy sent to it by the Board. By specifically including this manner only—and purposely excluding all other manners of pursuing fees—the parties in this case contracted the